IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JANUARY 1998 SESSION



**FILED**

**June 16, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE | ) | |
| | ) | NO. 03C01-9706-CC-00211 |
| Appellee | ) | |
| | ) | COCKE COUNTY |
| v. | ) | |
| | ) | HON. REX HENRY OGLE |
| CHRISTINE D. GILLILAND | ) | |
| | ) | (Sentencing) |
| Appellant. | ) | |
| | ) | |
| | ) | |

For the Appellant:

Tim S. Moore
396 Moore Brand Way
Newport, TN. 37821

For the Appellee:

John Knox Walkup
Attorney General & Reporter

Sandy C. Patrick
Assistant Attorney General
2nd Floor Cordell Hull Building
425 Fifth Avenue North
Nashville, TN. 37243-0943

Alfred C. Schmutzer, Jr.
District Attorney General

Charles E. Atchley, Jr.
Assistant District Attorney General
Sevier County Courthouse
125 Court Avenue, Suite 301
Sevierville, TN. 37862

OPINION FILED:_____

AFFIRMED

WILLIAM M. BARKER, JUDGE

OPINION

The appellant, Christine D. Gilliland, appeals as of right the sentence she received following a guilty plea in the Circuit Court of Cocke County. Pursuant to a plea agreement, appellant pled guilty to aggravated assault and received a six (6) year sentence. The trial court ordered her to serve one hundred and twenty (120) days, day for day, in the Tennessee Department of Correction, with the remainder of her sentence to be served in supervised probation. Appellant was also required to pay restitution in the amount of $1,761 dollars for the victim's medical expenses.

On appeal, the appellant contends that she is entitled to full probation and that the order of restitution should not have accompanied her sentence of confinement. After a review of the record and applicable law, we affirm the judgment of the trial court.

This case is yet another illustration of how jealousy can lead to violence. On the evening of March 20, 1996, the appellant shot the victim, Nancy Raines Frazier, at point blank range. The shooting occurred around 9:30 p.m. after the appellant returned home and discovered her then boyfriend, Albert Frazier, engaged in sexual intercourse with the victim.[1] The appellant, armed with a .38 caliber pistol, approached the couple in the living room before they noticed her presence. Upon discovering appellant with the gun, the two jumped up and pleaded for her not to shoot. Nevertheless, appellant pointed her weapon at the victim and fired a bullet striking her in the right cheek bone. The bullet fractured the victim's jaw and exited through her right ear. The victim immediately fled out the back door and went to a neighbor's house to call 911.

The victim testified at the sentencing hearing that she was unaware of her injury until blood began to run down her face. She was taken by ambulance to a

_____

[1]At the time of the shooting, appellant and Mr. Frazier lived together and owned the house jointly. The appellant apparently spent many nights away from home while working as a truck driver for the United States Postal Service.

2

nearby hospital and given medical treatment there for two days. The bullet wound caused her to suffer physical injuries including a broken jaw, temporary blindness, nerve damage, loss of a tear-duct gland in her right eye, sinus trouble, and forty percent hearing loss in her right ear. The victim testified that her medical expenses totaled approximately seventeen hundred ($1,700) to eighteen hundred ($1,800) dollars.

The appellant testified that she did not intend to shoot the victim and that the entire incident was a mistake. According to appellant, she fired the gun with the sole intention of scaring the victim and Mr. Frazier. She contended that the victim somehow jumped into the path of the bullet when she and Mr. Frazier arose from the living room floor.

Appellant further testified that she owned the .38 caliber pistol and carried it for protection while working as a truck driver. She stated that although she normally kept the pistol in her truck, she brought it into the house on the night of the shooting. She denied knowing that the victim was with Mr. Frazier before entering the house.[2]

The Cocke County Grand Jury indicted appellant on attempted second degree murder and aggravated assault. Following plea negotiations, appellant entered a guilty plea to aggravated assault and received a six (6) year sentence.[3] The manner of serving her sentence, however, was to be determined by the trial court following a sentencing hearing. According, after conducting a sentencing hearing, the trial court ordered that the six (6) year sentence was to be suspended upon service of one hundred and twenty (120) days in jail. The trial court further ordered restitution in the amount of $1,761 as a condition of probation.

---

[2]There was evidence that the appellant had caught Mr. Frazier together with the victim on a prior occasion. The appellant, however, testified that she did not suspect Mr. Frazier of being with the victim on the night in question. To the contrary, she stated that she did not see the victim's car parked at the house and that she firmly believed Mr. Frazier had ended his relationship with the victim.

[3]Under the plea agreement, the prosecution agreed to dismiss the attempted murder charge.

# I.

The appellant first contends that she is entitled to full probation for her six (6) year sentence. This issue is without merit.

When a defendant complains of his or her sentence, we must conduct a *de novo* review of the record. See Tenn. Code Ann. § 40-35-401(d) (Supp. 1996). The sentence imposed by the trial court is accompanied by a presumption of correctness and the appealing party has the burden of showing that the sentence is improper. See Tenn. Code Ann. § 40-35-401 (Sentencing Commission Comments). However, the presumption of correctness is conditioned upon an affirmative showing in the record that the trial court considered the sentencing principles and all relevant factors and circumstances. See State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

To determine the appropriate sentence, the trial court must consider the following: (1) evidence from the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments concerning sentencing alternatives; (4) the nature and characteristics of the offense; (5) information offered by the State or the defendant concerning enhancing or mitigating factors; and (6) the defendant's statements in her own behalf about sentencing. See Tenn. Code Ann. § 40-35-210(b); see also State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

In this case, the trial court considered the evidence from the sentencing hearing, the presentence report, the circumstances of the offense, and the arguments of counsel before ordering the appellant to serve one hundred and twenty (120) days in confinement. We, therefore, review appellant's sentence with a presumption of correctness.

The appellant was a presumable candidate for alternative sentencing under Tennessee Code Annotated section 40-35-102.[4] She pled guilty to aggravated

---

[4]Tennessee Code Annotated section 40-35-102(5) provides that convicted felons who commit the most severe offenses, possess criminal histories, or demonstrate an inability to reform under past efforts at rehabilitation shall be given first priority for sentences involving incarceration. Under section 40-35-102(6), "[a] defendant who does not fall within the parameters of subdivision (5) and is an especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a

assault, a Class C felony, and was sentenced as a Range I standard offender. The trial court noted that presumption and ordered appellant to serve the remainder of her six (6) year sentence on supervised probation, upon completion of the initial jail term.

The trial court, however, determined that the appellant was not entitled to full probation. Based upon the risk of death and the degree of injury caused by appellant's actions, the trial court ruled that one hundred and twenty (120) days of incarceration was appropriate. On appeal, the appellant has the burden of showing that the manner of her sentence was erroneous and that she is entitled to full probation.[5]

There is no bright line rule for determining when probation should be granted. Nevertheless, the appellant must demonstrate that probation will "subserve the ends of justice and the best interest of both the public and the defendant." See State v. Dykes, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990). The following criteria is relevant to that determination: (1) the nature and circumstances of the criminal conduct; (2) the appellant's potential or lack of potential for rehabilitation, including the risk that during the period of probation the appellant will commit another crime; (3) whether a sentence of full probation would unduly depreciate the seriousness of the offense; and (4) whether a sentence other than full probation would provide an effective deterrent to others likely to commit similar offenses. See State v. Bingham, 910 S.W.2d 448, 456 (Tenn. Crim. App. 1995), *perm. app. denied* (Tenn. 1995).

The appellant does not rely upon those factors, but instead, contends that a probationary sentence is appropriate based upon her willingness to plead guilty and her status as a first-time offender. We disagree. The record reflects that the trial court focused on the violent nature of appellant's offense to deny full probation. The court found that the appellant's act of shooting a defenseless victim at point blank

_____

favorable candidate for alternative sentencing options in the absence of evidence to the contrary."

[5]Even though appellant was a presumable candidate for alternative sentencing, she had the burden of establishing suitability for full probation. See Tenn. Code Ann. § 40-35-303(b) (Supp. 1996); State v. Bingham, 910 S.W.2d 448, 455 (Tenn. Crim. App. 1995), *perm. app. denied* (Tenn. 1995).

5

range was both "atrocious" and life threatening. That finding was clearly within the discretion of the trial court and the appellant has failed to demonstrate error.

This Court has previously held that the circumstances surrounding a criminal offense may provide the sole basis for denying probation when they are of such a nature as to outweigh all other factors favoring probation. See State v. Fletcher, 805 S.W.2d 785, 788-89 (Tenn. Crim. App. 1991). We conclude that the circumstances in this case justify confinement and accordingly affirm the denial of full probation.

## II.

The appellant next contends that the trial court erred in ordering both incarceration and the payment of restitution. She argues that the sentencing laws in effect at the time of her offense precluded the order of restitution as part of a custodial sentence.

We conclude that the order of restitution was proper as a condition of appellant's supervised probation. Tenn. Code Ann. § 40-35-304(a) (Supp. 1996).

The appellant was sentenced in 1997 for the aggravated assault committed on March 20, 1996. Her sentence included a one hundred and twenty (120) day jail term, a subsequent period of supervised probation, and an order to pay $1,761 dollars in restitution. The appellant contends that restitution was improper in conjunction with her sentence of confinement. The record, however, reflects that restitution was imposed as a condition of appellant's supervised probation, not as a part of the custodial sentence.

While we agree that, at the time of appellant's offense, the trial court lacked authority to order restitution as part of incarceration,[6] we conclude that restitution was proper in this case. Tennessee Code Annotated section 40-35-304(a) authorizes trial courts to impose restitution as a condition of probation. The appellant was ordered to

---

[6]See State v. Davis, 940 S.W.2d 558, 562 (Tenn. 1997) (holding that restitution may only be imposed as a condition of a probationary sentence). In Davis, our supreme court noted that, effective July 1, 1996, the state legislature amended Tennessee Code Annotated section 40-35-104(c)(2), to allow restitution together with a sentence of confinement. See 940 S.W.2d at 561, n.6. However, in appellant's case, that amended statute was not in effect when she committed the aggravated assault.

serve the remainder of her six (6) year sentence on supervised probation after completion of her jail term.  Restitution to compensate the victim's medical expenses was specifically made a part of the subsequent probation.

In sum, we affirm the trial court's denial of full probation and conclude that the order of restitution was proper as a condition of appellant's supervised probation. Accordingly, the judgment of the trial court is affirmed.

_____
WILLIAM M. BARKER, JUDGE


CONCUR:


_____
JOSEPH M. TIPTON, JUDGE


_____
CURWOOD WITT, JR., JUDGE